UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No. EDCV 10-01626-CJC(SHx)            Date: November 4, 2010

Title: MUMTAZ NIZAMI V. ROBERT PICKLE, DEBRA PICKLE, ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                       None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE TO STATE COURT** [filed 10/22/10]

      Plaintiff Mumtaz Nizami filed suit in California state court on September 10, 2010 alleging unlawful detainer by Defendants Robert and Debra Pickle for their refusal to vacate the property located at 19341 Diplomat Avenue in Corona, California after the property was sold at a foreclosure sale on June 10, 2010. Plaintiff is seeking damages of $40.00 per day. (Notice of Removal, Ex. 1.) Defendants removed this action to federal court on October 22, 2010, alleging federal question and diversity jurisdiction. (Notice of Removal 4–6.)

      In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. §1447(c). A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000. 28 U.S.C. §§ 1331, 1332. The Court, on its own motion, REMANDS this action to state court because the Court lacks either federal question or diversity jurisdiction.

      A cause of action arises under federal law only when a question "arising under" federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A defendant may not remove a case by asserting a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 10-01626-CJC(SHx)            Date: November 4, 2010
                                                                        Page 2

---

defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Defendants' removal is based on arguments raised for the first time in their Notice of Removal. (Notice of Removal ¶¶ 2–3, 14–15.) Nothing in the Plaintiff's complaint raises a question arising under federal law, so Defendants cannot establish federal question jurisdiction.

       Defendants also attempt to invoke diversity jurisdiction in their Notice of Removal. Defendants allege that the amount in controversy in the state court action exceeds $90,000. (Notice of Removal ¶ 7.) However, Defendants do not allege that they are citizens of a different state than Plaintiff as required by 28 U.S.C. § 1332. Moreover, even if the threshold requirements for diversity jurisdiction were satisfied, Section 1441(b) prohibits removal of an action based on diversity jurisdiction where the defendant seeking removal is a resident of the state where the action is brought. 28 U.S.C. § 1441(b). The "forum defendant" rule reflects the understanding that federal diversity jurisdiction is not necessary to protect the interests of in-state defendants. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004). Since Plaintiff's unlawful detainer action is based on the allegation that Defendants have been occupying the property in Corona, California, Defendants are likely residents of California and are barred from removing this action on the basis of diversity jurisdiction.

       Therefore, the Court, on its own motion, hereby REMANDS this suit to state court because the Court lacks subject matter jurisdiction.

mkyc

MINUTES FORM 11

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 10-01626-CJC(SHx)                                      Date:  November 4, 2010
                                                                      Page 3

---

CIVIL-GEN                                                            Initials of Deputy Clerk MU